**HURON VALLEY HOSPITAL, INC., et al., Plaintiffs–Appellants, Cross–Appellees,**

v.

**CITY OF PONTIAC, et al., Defendants–Appellees, Cross–Appellants.**

Nos. 87–1246, 87–1303.

United States Court of Appeals, Sixth Circuit.

Argued May 16, 1988.

Decided June 22, 1988.

Dennis J. Dlugokinski, Russel & Dlugo-kinski, P.C., Berkley, Mich., for Trepel.

Ann C. Yahner (argued), Cohen, Milstein & Hausfeld, Washington, D.C., Jerry S. Cohen, for Huron Valley Hosp., Inc.

Larry Saylor (argued), Miller, Canfield, Paddock, and Stone, Roger K. Timm, Dyke-ma, Gossett, Spencer, Goodnow & Trigg, Kenneth J. McIntyre, Detroit, Mich., for City of Pontiac.

Timothy M. Guerriero, Detroit, Mich., for Comprehensive Health Planning Council of Southeastern Mich., Terence Carroll & Paul Massaron.

Grady Avant, Detroit, Mich., for North Oakland County Planning Steering Com. & Greater Detroit Area Health Council.

Before KEITH and WELLFORD, Circuit Judges; and EDWARDS, Senior Circuit Judge.

PER CURIAM.

This case comes to us by way of summary judgment motions which were granted with respect to ten defendants by District Judge Horace Gilmore. Plaintiffs-appellants alleged a conspiracy to violate antitrust laws which was filed in the first instance in 1978 by Huron Valley Hospital. On appeal from the first judgment of the District Court entered in 1979, this court vacated the District Court's decision. See *Huron Valley Hospital, Inc. v. City of Pontiac, et al.,* 666 F.2d 1029 (6th Cir. 1981). Thereafter, plaintiffs filed an amended complaint claiming that a conspiracy existed to prevent plaintiff Huron Valley Hospital from entering the medical care market in western Oakland County, and to frustrate Huron Valley's efforts to build a hospital and provide medical care to patients in that area. The amended complaint also charged that the defendants' ultimate aim was to use their collective power to deprive Huron Valley of funding and to manipulate the state health bureaucracy in a manner which would reserve all medical-surgical acute care hospital servic-es in the area to the hospitals already in existence in the area.

In May 1986, after lengthy discovery, certain of the defendants filed for summary judgment which the District Court granted. See *Huron Valley Hospital, Inc. v. City of Pontiac, et al.,* 650 F.Supp. 1325 (E.D.Mich.1986). What we have before us now is plaintiffs' appeal from that grant of summary judgment.

Our review of this record and of Judge Gilmore's careful 45-page opinion convinces this Court that all possible facts have been entered into this record and that summary judgment with respect to all ten of the named defendants was properly granted. We therefore affirm Judge Gilmore's grant of summary judgment with respect to: City of Pontiac, City of Pontiac Hospital Building Authority, Pontiac Osteopathic Hospital, Crittenton Hospital, Sisters of Mercy Health Corporation, Comprehensive Health Planning Council of Southeastern Michigan (CHPC-SEM), North Oakland County Planning Steering Committee (NOCPSC), Greater Detroit Area Health Council, Inc. (GDAHC), Paul Masseron, and Terence E. Carroll.

The four remaining individual defendants, Richard A. Reihmer, Maurice S. Reizen, M.D., Bailus Walker, Jr., and Herman A. Ziel, Jr., M.D., have signed a stipulation agreement with plaintiffs which provides that, with respect to the allegations of conspiracy against them, both sides are bound as if Judge Gilmore's December 18, 1986 Opinion had applied to them. They have also agreed to be bound by any ruling by this Court with respect to those conspiracy allegations. Therefore, our affirmance today of the District Court's grant of summary judgment also applies to the conspiracy claims against the four individuals named above.[1]

---

1. This leaves pending before the District Court only the claims that allege non-conspiratorial violations of the plaintiffs' civil rights in violation of 42 U.S.C. § 1983.